1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

CHARLES DUNKENTELL,

Case No. 2:21-cv-02767-SVW-PD

12

          Plaintiff,

**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE**

13

   v.

14

ALEX VILLANUEVA, et al.,

15

          Defendants.

16
17
18

**I.    Pertinent Procedural History and Plaintiff's Claims**

19

      On March 29, 2021, Plaintiff Charles Dunkentell filed a pro se civil

20

rights complaint pursuant to 42 U.S.C. § 1983 alleging that he was physically

21

assaulted in violation of his rights under the Eighth Amendment while he was

22

in custody at the Los Angeles County Men's Central Jail ("LACMCJ"). [Dkt.

23

No. 1 at 5.] Plaintiff concurrently filed an application to proceed in forma

24

pauperis. [Dkt. No. 2.] He sues Defendants Los Angeles County Sheriff Alex

25

Villanueva and Los Angeles County Sheriff's Department Deputies Does 1

26

through 4, alleging that they used excessive force and failed to protect him in

27

violation of the Eighth Amendment. [Dkt. No. 1 at 3-5.] He seeks monetary

28

and punitive damages, along with declaratory relief. [*Id*. at 6.]

On April 8, 2021, the Court screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and found that it failed to state a claim against Defendant Sheriff Villanueva but arguably stated a colorable excessive force claim against Defendant Deputies Does 1 through 4.  [Dkt. No. 5.]  Plaintiff was granted leave to conduct discovery to obtain the identities of the Doe Deputies and ordered to substitute the full names of those Doe Defendants in a First Amended Complaint.  [*Id*.]  The Court ordered Plaintiff to file, no later than May 28, 2021, a First Amended Complaint that corrected the defects identified by the Court in its April 8, 2021 Order.  [*Id*.]

Plaintiff requested, and received, three extensions of time to file a First Amended Complaint.  [*See* Dkt. Nos. 8-10, 12, 15, 16.]  Plaintiff's First Amended Complaint was due on October 15, 2021.  [Dkt. No. 16.]  Plaintiff, however, failed to file his First Amended Complaint and has not communicated with the Court about his case since August 4, 2021.

On November 2, 2021, the Court ordered Plaintiff to show cause by November 16, 2021 why the Court should not recommend that this action be dismissed for failure to prosecute.  [Dkt. No. 17.]  The Court mailed the Order to Show Cause to the Wasco State Prison address provided by Plaintiff in his notice of change of address.  [*See* Dkt. No. 11.]  On November 15, 2021, this Court received the Order in the mail back from Wasco State Prison marked "return to sender" and "unable to forward."  [Dkt. No. 18.]  The Court previously cautioned Plaintiff that he must keep the Court apprised of his address at all times and that his failure to do so may result in the case being dismissed for failure to prosecute.  [*See* Dkt. No. 3.]  *See also* Local Rule 83-2.4; Local Rule 41-6.

According to the California Department of Corrections and Rehabilitation's ("CDCR") online inmate locator system, Plaintiff is no longer in the custody of the CDCR.  *See* https://inmatelocator.cdcr.ca.gov/search.aspx

2

1

2   (CDCR Number BM8911).  To date, Plaintiff has not provided the Court with

3   an updated address, and he has not responded to the Order to Show Cause or

4   otherwise communicated with the Court about his case.  Accordingly, the case

5   is now subject to dismissal for Plaintiff's failure to prosecute pursuant to Rule

6   41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6.

7   **II.     Discussion**

8          Rule 41(b) grants district courts the authority to *sua sponte* dismiss

9   actions for failure to prosecute.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-

10  30 (1962).  In determining whether dismissal for lack of prosecution is

11  warranted, a court must weigh several factors, including: (1) the public's

12  interest in expeditious resolution of litigation; (2) the court's need to manage

13  its docket; (3) the risk of prejudice to defendants; (4) the availability of less

14  drastic sanctions; and (5) the public policy favoring the disposition of cases on

15  their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik*

16  *v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  Dismissal is appropriate

17  under the foregoing analysis "where at least four factors support dismissal ...

18  or where at least three factors 'strongly' support dismissal."  *Hernandez v.*

19  *City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

20         In this case, the first two factors – public interest in expeditious

21  resolution of litigation and the need to manage the Court's docket – weigh in

22  favor of dismissal.  Plaintiff has not provided the Court with his updated

23  address nor did he file his First Amended Complaint.  Plaintiff's failure to

24  update his address, file a First Amended Complaint, or show good cause for

25  his delay prevents the Court from moving this case toward disposition and

26  shows that Plaintiff does not intend to litigate this action diligently.

27         Arguably, the third factor – prejudice to Defendants – does not counsel

28  in favor of dismissal because Defendants have not been served and are

3

otherwise unaware that a case has been filed.  However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay.  *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978).  Plaintiff's inaction in this matter is an unreasonable delay.  In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice.  *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal.  However, the Court attempted to avoid outright dismissal by giving Plaintiff ample time to communicate with the Court and file a First Amended Complaint.  Plaintiff was also expressly warned that failure to comply with the Court's orders could result in dismissal.  [*See* Dkt. Nos. 3, 17.]  Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective.  *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits – ordinarily weighs against dismissal.  *Pagtalunan*, 291 F.3d at 643.  It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics.  *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Because Plaintiff has failed to participate in his own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits.  This factor does not weigh in favor of or

against dismissal.

In sum, four out of the five factors support dismissal.  The Court concludes that dismissal for failure to prosecute is warranted.

**IT IS SO ORDERED.**

Dated: ___February 4, 2022___

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE